DIRKS, Respondent, v. ORCHARD & WILHELM CO., et al, Respondents.

(256 N. W. 723.)

(File No. 7678. Opinion filed October 17, 1934.)

*Alan Bogue,* of Parker, for Appellant.

*David O. Mathews,* of Omaha, Neb., and *T. R. Johnson,* of Sioux Falls, for Respondent National Triangle Securities.

*Dan E. Hanson,* of Parker (*T. R. Johnson,* of Sioux Falls, of counsel), for Respondents Farmers' Trust & Sav. Bank and J. J. Smith.

CAMPBELL, J. Plaintiff below instituted the present action to quiet title to certain real property in the city of Marion Junction in Turner county. The actual controversy before us, however, is between the defendants Farmers' Trust & Savings Bank and J. J. Smith, who hold mortgages upon the realty, and the defendant Marion Lumber Company, who claims a mechanic's lien thereon. The mortgagees maintained that the lien claimed by the lumber company was invalid, and the trial court so found. From judgment entered accordingly, and denial of its motion for new trial, defendant lumber company has appealed.

The fact situation giving rise to the conflicting claims of appellant lumber company and respondent mortgagees may be thus stated: Plaintiff-respondent Lucy M. Dirks and her husband, A. H. Dirks, owned the premises in question, and in May, 1929, decided to erect a building thereon to be used primarily as a motion picture theater. The Marion Lumber Company agreed to furnish the materials for said building and did so to the value of approximately $8,500. It has been paid a little over $2,000, leaving a balance due of $6,406.50. After most, if not all, of the materials

were on the ground and the frame of the building was up, Dirks and wife, on July 25, 1929, mortgaged the premises to defendant Farmers' Trust & Savings Bank for $6,500, which mortgage was recorded August 28, 1929. Thereafter, and on July 21, 1931, Dirks and wife mortgaged the premises to defendant J. J. Smith for $648.50, which mortgage was recorded July 23, 1931. Between the dates of the two mortgages, and on January 11, 1930, the lumber company filed with the clerk of courts of Turner county, a mechanic's lien statement claiming a lien for the balance due it for materials for the theater building in the sum of $6,406.50.

Respondent mortgagees attack the validity of appellant's claimed lien upon the ground (inter alia) that the lien statement of January 11, 1930, was not filed within the period of 90 days after furnishing the last item of material, as required by section 1649, R. C. 1919. Appellant, of course, submits that the statement was filed within the statutory time limit.

Facts material to this particular contention appear from the record about as follows: When Dirks decided to build the theater he entered into an oral contract with the lumber company, whereby it agreed to furnish him the material therefor. The lumber company did not bid upon or agree to furnish any specified list or bill of materials, but contracted and agreed generally that it would furnish Dirks from time to time, as he requested, upon open running account, such materials as he required for the erection and construction of the building. The lumber company, pursuant to said agreement, did in fact furnish materials as and when required; the work of construction being performed by one Raapke pursuant to a contract between himself and Dirks. Construction was commenced by the contractor in May, 1929, and the testimony is to the effect that the building was completed and accepted by Dirks on September 9, 1929, on which date the first performance was given in the theater, the building was put into active service, and the contractor was released and discharged. The only items of material claimed to have been furnished by the lumber company after September 9th were the following:

September 14   8 plate glass window lights .............$24.90
October 2      1 piece of Upson board ..................  1.30
November 5     4 sacks of cement .......................  3.00
December 11    1 two-light window .....................  3.50

The lien statement not being filed until January 11, 1930, obviously appellant must rely for keeping the 90-day period alive upon one or both of the last two of the above items; namely, the four sacks of cement furnished on November 5, or the window furnished on December 11. With reference to the four sacks of cement, there is some controversy as to whether the order was placed by Dirks or by his son during his absence. In either event, it seems to be true that the object of ordering the cement was to build a curb in front of the building to keep water away, and it seems equally true that such design, whether existent in the mind of Dirks or of his son, or both, was abandoned, and the cement was not used, as a matter of fact, in any manner in or about the theater building, but was taken by Dirks to his own home and there used in some fashion or other. With reference to the window furnished December 11, it appears that there was an office in the building above the theater which was occupied by a dentist who moved into the premises the latter part of August or the forepart of September. In the dentist's office was a window which apparently was of the exact size, type, and design contemplated by the building plans, which window consisted of a number of small panes of glass. The dentist stated to Dirks that he wanted the window equipped with sashes containin larger panes which would admit more light to the office, and also would enable him to have painted upon the glass a sign advertising his name and profession. Dirks told the dentist that he would change the window for him, and the window furnished December 11 was the window which Dirks, at the dentist's request, purchased and substituted for the window originally in the office.

In the instant case, the contractor Raapke accompanied Dirks to the office of the lumber company and was present when the agreement between Dirks and the lumber company was made. The lumber company knew that the building was to be constructed by Raapke. Their agreement was to furnish such material as might be needed for the erection and construction thereof. Upon the record in this case it seems very clear that the construction of the building was fully completed not later than September 9, 1929. On that date the owner accepted it as completed and released the contractor, who thereafter did nothing on or about the building, and the building was thenceforth in active and continuous use for

the purposes for which it was intended. If Dirks, after the completion and acceptance of the building, decided to add a cement curb in front of the building not previously contemplated, or decided to substitute a different window for one originally contemplated and installed, we do not believe that either the window or cement for the curb could be considered as items furnished to accomplish the general purpose of the original construction contract. They would amount to subsequent alterations or additions and could not be "tacked" to items delivered under a contract to furnish materials "for erection and construction" so as to revive or continue a right of lien for the former. See Villaume Box & Lumber Co. v. Condon (1920) 146 Minn. 156, 178 N. W. 492. We think the continuity of the transaction ended in the present case when the structure was completed and accepted and the contractor released on September 9, 1929. Cf. Big Sioux Lbr. Co. v. Miller (1930) 57 S. D. 506, 234 N. W. 31. In the present case, the learned trial judge, after finding the contract between Dirks and the lumber company "to furnish materials * * * for the construction of a theater building upon the premises, * * *" found further "that said theater building was completed on September 9, 1929, * * * that no material was furnished by said Lumber Company for said building after said date under said contract." We are convinced that the evidence sustained such finding, and that such finding in turn sustains the conclusion that the mortgages of respondents Farmers' Trust & Savings Bank and J. J. Smith are superior to any claim of the appellant lumber company.

Being of the opinion that the trial court was right in holding that the lien statement of appellant was not filed within the statutory period, the controversy between the parties is disposed of, and it is unnecessary to consider other objections urged against the validity of appellant's lien claim. The judgment and order appealed from are affirmed.

All the Judges concur.